IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-140-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| RODERICK D. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court on 28 January 2013 for an approximately four-hour hearing on the government's motions, pursuant to 18 U.S.C. § 3142(f), to detain defendant, Roderick D. Stevens ("defendant") and co-defendant Riley pending trial. The court ruled on the motion as to co-defendant Riley on 28 January 2013, but continued the proceedings on the motion regarding defendant until the following day, at which time it announced its ruling regarding him.[1] This order memorializes the court's ruling on the motion relating to defendant and a separate order is being issued on the motion relating to co-defendant Riley.

At the hearing, the government presented the testimony of an agent with the U.S. Secret Service and introduced without objection two exhibits: a compilation of police reports relating to co-defendant Riley's 2010 conviction in Connecticut (Gov.'s Ex. 1) and a photograph of defendant at a Walmart in Easton, Pennsylvania taken on 14 February 2012 (Gov.'s Ex. 2). The court also placed into evidence a copy of a protection order issued against defendant by a New

---

[1] The ruling begins at time stamp 3:04:21 in the recording of the hearing session on 29 January 2013, which was held in the sixth floor courtroom.

York court on 24 October 2011.[2] Defendant presented the testimony of a proposed third-party custodian, his grandmother. The court also reviewed the pretrial services report.

After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in each count of a six-count indictment on 20 December 2012 with: conspiracy to commit wire fraud beginning no later than March 2011, and continuing until in or about March 2012 in violation of 18 U.S.C. §§ 1343 and 2 (ct. 1); access device fraud and aiding and abetting the same on or about 7 March 2012 in violation of 18 U.S.C. §§ 1029(a)(1) and 2 (ct. 2); unlawful use of unauthorized access devices and aiding and abetting the same beginning no later than March 2011, and continuing until in or about March 2012 in violation of 18 U.S.C. §§ 1029(a)(2) and 2 (ct. 3); access device fraud involving use of more than one access device and receipt of $1,000 within a year and aiding and abetting the same beginning no later than March 2011, and continuing until in or about March 2012 in violation of 18 U.S.C. §§ 1029(a)(5) and 2 (ct. 4); fraud and related activity in connection with identification documents, authentication features, and information and aiding and abetting the same beginning no later than

---

[2] The protection order lists near the caption various charges against defendant not addressed in the pretrial services report. The court was able to decide the motion for detention in the absence of information about these charges, including their disposition, since the record otherwise shows that defendant's detention is required. The court has not considered these charges in its ruling.

2

Case 7:12-cr-00140-BO   Document 58   Filed 02/01/13   Page 2 of 6

February 2012 and continuing until on or about 7 March 2012 in violation of 18 U.S.C. §§ 1028(a)(7) and 2 (ct. 5); and aggravated identity theft and aiding and abetting the same on or about 7 March 2012 in violations of 18 U.S.C. §§ 1028A(a)(1) and 2 (ct. 6).

The evidence presented at the hearing showed that the charges arise from a sophisticated scheme in which the co-conspirators obtained stolen account numbers from overseas, embossed such numbers onto the front of stock credit cards and encoded them onto the magnetic strips on the back of credit cards and prepaid debit cards, and used the counterfeit cards to purchase prepaid Visa cards, store gift cards, merchandise, services, and other items. Defendant and other co-conspirators lived in the Long Island, New York area and travelled on several occasions to other states along the East Coast making fraudulent purchases using the counterfeit credit and prepaid debit cards. The scheme involved over 700 fraudulent account numbers and thousands of dollars in fraudulent purchases.

Evidence of defendant's involvement in the conspiracy included: defendant's purchase of a gift card using a fraudulent credit card at a Walmart in Easton, Pennsylvania on 14 February 2012 (*see* Gov.'s Ex. 2); defendant's use—in certain instances with co-defendant Riley—of counterfeit credit cards to buy gift cards, prepaid Visa debit cards, and other items from a Walmart in Columbia, South Carolina and Bi-Lo grocery stores in Cayce, West Columbia, and Florence, South Carolina between 5 March and 7 March 2012 (*see* Indict. ¶¶ 33, 35, 36, 37)[3]; use by defendant, who was accompanied by co-defendant Riley, of a fraudulent credit card at a Walmart in Lumberton, North Carolina on 7 March 2012 to purchase two $500 gift cards which he then used to buy an iPad at the same store (*see id.* ¶ 38); recovery of numerous items of evidence of the conspiracy from defendant and co-defendant Riley when they were stopped by

---

[3] The paragraphs of the indictment cited correspond to testimony and other evidence presented at the detention hearing.

3

police in Harnett County, North Carolina, when travelling in co-defendant Riley's car, on 7 March 2012, including 25 counterfeit credit cards (several bearing defendant's name) and over 60 prepaid Visa cards (many hidden in the headliner of the car,[4] in a rear quarter panel of the car, and under a baby seat on the rear seat), over 10 gift cards (including the Walmart card defendant purchased in Easton, Pennsylvania), a laptop computer containing about 700 stolen account numbers (many of which were used in transactions previously described), New York probation paperwork for co-defendant Riley, a Western Union receipt for the transfer of $460 to Vietnam, and 4 stolen medical records with patient financial information co-defendant Riley had paid co-defendant Martinez to steal from the medical providers for which she worked in Long Island (*see id.* ¶ 39); defendant's exchange of text messages with co-defendant Williams during the stop in Harnett County (*see id.* ¶ 40); and the purchase of prepaid Visa debit cards by suspected co-conspirators at a Bi-Lo grocery store in Conway, South Carolina on 7 March 2012 after the exchange of messages (*see id.* ¶ 41).[5]

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has enough evidence to obtain defendant's conviction, including the evidence reviewed above; the fraud-related nature of the offenses charged; the circumstances of the offenses charged, including the sophistication of the alleged conspiracy, the interstate (and, indeed, international) nature of the offense conduct, the substantial scale of the conspiracy in terms of number and dollar value of the fraudulent transactions involved and its geographic scope, and the substantial degree of defendant's

---

[4] The headliner is the interior liner abutting the windshield.

[5] Additional acts by co-defendant Riley in furtherance of the conspiracy that were the subject of evidence presented at the hearing are described in the detention order relating to him.

4

Case 7:12-cr-00140-BO   Document 58   Filed 02/01/13   Page 4 of 6

participation in the conspiracy; defendant's criminal record, including two felony convictions and one misdemeanor conviction (albeit for offense conduct over 8 years ago); the danger of continued offense conduct by defendant if released; the substantial prison term defendant faces on the instant charges if convicted; the unsuitability of the proposed third-party custodial arrangements due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Although the government arguably did not present as much evidence of defendant's involvement in the conspiracy as that by co-defendant Riley, defendant's involvement was still substantial. It involved offense conduct in at least three states; victimization of at least six stores; the use of counterfeit credit cards to purchase gift cards, prepaid Visa debit cards, and merchandise; possession of counterfeit credit cards bearing his name; and travel on an extended trip with a co-defendant, Riley, deeply involved in the conspiracy in a car with illicit credit and debit cards hidden throughout.

The court has also considered the fact that defendant turned himself in. But he lacks prior experience in the federal system and had not confronted firsthand the implications of the federal prosecution against him, including learning as he did at the hearing of the strong case the government has against him.

In sum, defendant has demonstrated the willingness and ability to travel interstate in furtherance of criminal activity and to obtain funds through fraud on a large scale. Thus, should he decide to flee, he would appear well equipped to evade law enforcement and to engage in further fraudulent activity to support himself. And he unquestionably has a strong incentive to flee. It arises, of course, from the prospect of conviction in this case, the substantial term of

imprisonment that could result, and the knowledge he now has that the government has a very strong case against him. After careful consideration, the court has identified no condition or combination of conditions that reasonably addresses these risks of flight and danger.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 31st day of January 2013.

James E. Gates
United States Magistrate Judge