IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CR-140-BO-2
NO. 7:15-CV-184-BO

| | |
|---|---|
| RODERICK D. STEVENS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | ORDER |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 236] and the government's motion to dismiss [DE 244]. For the following reasons, the government's motion to dismiss is granted, and petitioner's § 2255 petition is dismissed.

## BACKGROUND

Pursuant to a written plea agreement, petitioner Roderick Stevens pled guilty on April 30, 2013, to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One) and one count of aggravated identity theft and aiding and abetting in violation of 18 U.S.C. § 1028A(a)(1)2 (Count Six). [DE 151]. On October 16, 2013, Stevens was sentenced to 72 months on Count One and 24 months, to be served consecutively, on Count Six, followed by five years of supervised release, and in addition to a special assessment and restitution in the amount of $153,084.21, joint and several with his co-defendants. [DE 151]. Petitioner and two co-defendants appealed, and their appeals were consolidated. The Fourth Circuit affirmed in part and dismissed in part in an unpublished opinion issued on August 6, 2014. [DE 182]. In the opinion, the court of appeals held, among other things, that a co-defendant's argument that the Court erred in two guidelines matters (calculating the loss amount and applying the use of

sophisticated means enhancement) failed. *Id.* The court of appeals also held that several claims were barred by appellate waivers. *Id.*

On August 25, 2015, petitioner filed the instant motion. [DE 236]. In it, he alleged several claims of ineffective assistance of counsel, including: (1) alleging counsel was ineffective for permitting petitioner to plead guilty to aggravated identity theft without a sufficient factual basis; (2) alleging counsel was ineffective for failing to argue at sentencing that the loss calculation and sophisticated means enhancement were improper; (3) alleging counsel was ineffective for failing to challenge guideline enhancements for device-making equipment and number of victims; and (4) alleging counsel was ineffective for failing to challenge the restitution amount. [DE 236-1]. In response, the government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 244].

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted

2

Case 7:12-cr-00140-BO   Document 264   Filed 07/26/16   Page 2 of 6

inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Petitioner brings four ineffective assistance of counsel claims. To prevail, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Strickland*, 466 U.S. at 697. To prevail under the prejudice prong of *Strickland* when challenging a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (U.S. 1985).

Petitioner first claims counsel was ineffective for permitting petitioner to plead guilty to aggravated identity theft without a sufficient factual basis. As petitioner made no demonstration that there was a reasonable probability that, but for counsel's errors, he would have gone to trial, this claim fails the prejudice prong. *See Hill*, 474 U.S. at 59.

Petitioner next claims counsel was ineffective for failing to argue at sentencing that the loss calculation and sophisticated means enhancement were improper. Especially in light of counsel's statement that she intended to "address th[e]se issues in the form of a variance," rather

3

than pursuing her previously-filed written objections, the decision as to what challenges to the guideline sentence to bring can easily be seen as strategic. *See Strickland*, 466 U.S. at 690 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks omitted)). The fact that the Court ultimately imposed a sentence below the guideline range validates this strategic decision and undermines petitioner's claim that this was ineffective assistance. Additionally, a co-defendant who raised these issues on appeal, arguing that objections went unconsidered at sentencing, was afforded no relief because "[i]t was undisputed that that Government had validated more than 800 credit card numbers used in the scheme and that these numbers were sufficient to support a loss amount of $400,000 or more" and "the record supports" the application of the sophisticated means enhancement. [DE 182]. For all these reasons, this ineffective assistance claim fails the performance prong.

Petitioner next claims counsel was ineffective for failing to challenge guideline enhancements for device-making equipment and number of victims. Once again, the decision as to what challenges to the guideline sentence to bring can easily be seen as strategic. *See Strickland*, 466 U.S. at 690 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks omitted)). This is especially true in the instant context, where counsel stated her intent to proceed by seeking a variance rather than arguing each available objection. [DE 180]. The fact that the Court ultimately imposed a sentence below the guideline range validates this strategic decision and undermines petitioner's claim that this was ineffective assistance. Accordingly, this ineffective assistance claim also fails the performance prong.

4

Finally, petitioner claims counsel was ineffective for failing to challenge the restitution amount. In this claim, petitioner argues that the restitution amount held by the Court should not apply to him because it was unforeseeable that he would be held accountable for the amount. [DE 236-1]. The Court notes that this restitution amount was imposed jointly and severally with petitioner's co-defendants. [DE 180]. Additionally, the record indicates that this amount was indeed foreseeable to petitioner, as it was discussed in detail in the presentence investigation report (PSR), which included the name and amount of loss for each victim as well as the total amount of $153,084.21. [DE 135]. Petitioner has made no claim that counsel did not review the PSR with him prior to sentencing. Moreover, as above, refraining from objection to the restitution amount could have been a strategic decision on the part of counsel, as she was seeking a downward variance in his sentence—on which she prevailed. *See Strickland*, 466 U.S. at 690 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks omitted)). As petitioner has not sufficiently demonstrated why this amount should not apply to him, examination of the PSR indicates it was foreseeable to him, and the lack of objection to the amount could easily be seen as strategic in light of counsel's decision to seek a downward variance in the sentence, this ineffective assistance claim also fails.

As all of petitioner's claims have failed the Rule 12(b)(6) standard, relief is denied.

### Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise

debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For all of the above reasons, petitioner's motion to vacate under 28 U.S.C. §2255 [DE 236] is DENIED, and respondent's motion to dismiss [DE 244] is GRANTED. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this **25** day of July, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE