IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-140-BO-2

| | |
|---|---|
| RODERICK D. STEVENS, ) | |
| Petitioner, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion under Rule 60(b) of the Federal Rules of Civil Procedure. [DE 272]. The government has responded, [DE 275], and the matter is ripe for disposition. For the reasons discussed below, petitioner's motion is denied.

## BACKGROUND

Pursuant to a written plea agreement, petitioner Roderick Stevens pled guilty on April 30, 2013, to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One) and one count of aggravated identity theft and aiding and abetting in violation of 18 U.S.C. § 1028A(a)(1)2 (Count Six). [DE 151]. On October 16, 2013, Stevens was sentenced to 72 months on Count One and 24 months, to be served consecutively, on Count Six, followed by five years of supervised release, and in addition to a special assessment and restitution in the amount of $153,084.21, joint and several with his co-defendants. [DE 151]. Petitioner and two co-defendants appealed, and their appeals were consolidated. The Fourth Circuit affirmed in part and dismissed in part in an unpublished opinion issued on August 6, 2014. [DE 182]. In the opinion, the court of appeals held, among other things, that a co-defendant's argument that the Court erred in two guidelines matters (calculating the loss amount and applying the use of sophisticated means enhancement) failed. *Id.* The court of appeals also held that several claims were barred by appellate waivers. *Id.*

On August 25, 2015, petitioner filed a motion under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence. [DE 236]. In it, he alleged several claims of ineffective assistance of counsel, including: (1) alleging counsel was ineffective for permitting petitioner to plead guilty to aggravated identity theft without a sufficient factual basis; (2) alleging counsel was ineffective for failing to argue at sentencing that the loss calculation and sophisticated means enhancement were improper; (3) alleging counsel was ineffective for failing to challenge guideline enhancements for device-making equipment and number of victims; and (4) alleging counsel was ineffective for failing to challenge the restitution amount. [DE 236-1]. In response, the government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), [DE 244], which was granted by the Court on July 26, 2016. [DE 264, 265].

On December 5, 2016, petitioner filed the instant motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking to relief from the Court's judgment denying his previous § 2255 motion. In this current motion, petitioner alleges that he moved for leave to amend his § 2255 motion on February 8, 2016, raising three additional claims: (1) ineffective assistance of counsel based on defense counsel's failure to inform him of the statutory maximum for wire fraud (Count One); (2) ineffective assistance of counsel, due to an excessive supervised release sentence beyond the statutory maximum; and (3) miscalculation of his advisory guidelines range. [DE 272 at 2]. Petitioner now argues that he is entitled to relief because the Court's order dismissing his § 2255 motion did not address these additional issues.

## DISCUSSION

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(1) mistake, inadvertence, or neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

2

discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) movant must demonstrate as a threshold matter "the existence of a meritorious claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). A motion under Rule 60(b) must also be timely filed and the opposing party must not be unfairly prejudiced by having the judgment set aside. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citation omitted).

As an initial matter, the Court notes that the docket report in this matter shows no motion for leave to amend was filed by petitioner on February 8, 2016 or on any other date. Turning to a threshold assessment of the merits of petitioner's instant motion under Rule 60(b), the Court finds it to be without a meritorious claim or defense. As to the first claim, petitioner admits in the current motion that both defense counsel and the Court advised him of the thirty-year maximum penalty, [DE 272 at 1], and the statutory maximum was listed in his plea agreement which he signed and affirmed before this Court. [DE 117 at 3]. Therefore, petitioner cannot demonstrate that counsel was ineffective for failing to advise him of the statutory maximum. As to petitioner's second claim, petitioner's five-year supervised release was within the statutory maximum, thus petitioner cannot demonstrate that counsel was ineffective due to receiving a term of supervised release beyond the maximum. 18 U.S.C. § 1349; 18 U.S.C. § 3583(b)(1). As to petitioner's third claim, petitioner waived his right to appeal his advisory guidelines calculation in his plea agreement. [DE 117 at 1]. Moreover, challenges to advisory guideline range calculations are not cognizable on collateral review, including motions under § 2255.

3

*United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (discussing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015).

For these reasons, petitioner cannot demonstrate a meritorious claim or defense warranting relief from the Court's judgment on his prior § 2255 motion and his motion should be denied.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion [DE 272] is DENIED.

SO ORDERED, this 15 day of May, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4