IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-140-BO-2

| | | |
|---|---|---|
| RODERICK D. STEVENS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |

This cause comes before the Court on remand by the Court of Appeals for the Fourth

Circuit. By opinion entered August 16, 2018, the Fourth Circuit vacated this Court's ruling on

petitioner's motion under Rule 60(b) of the Federal Rules of Civil Procedure and remanded for

this Court to consider whether petitioner had moved to amend his 28 U.S.C. § 2255 petition prior

to its dismissal. [DE 292]. For the reasons discussed below, the Court finds that petitioner did not

move to amend his Section 2255 petition prior to dismissal, and petitioner's Rule 60(b) motion

[DE 272] is DENIED.

BACKGROUND

Pursuant to a written plea agreement, petitioner Roderick Stevens pleaded guilty in April

2013 to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count

One) and one count of aggravated identity theft and aiding and abetting in violation of 18 U.S.C.

§ 1028A(a)(1)2 (Count Six). [DE 151]. In October 2013, Stevens was sentenced to seventy-two

months on Count One and twenty-four months, to be served consecutively, on Count Six,

followed by five years of supervised release, in addition to a special assessment and restitution in

the amount of $153,084.21, joint and several with his co-defendants. [DE 151]. Petitioner and

two co-defendants appealed and their appeals were consolidated. The Fourth Circuit affirmed in

part and dismissed in part in an unpublished opinion issued in August 2014. [DE 182]. In the opinion, the Fourth Circuit held, among other things, that a co-defendant's argument that the Court erred in two guidelines matters (calculating the loss amount and applying the use of sophisticated means enhancement) failed. *Id.* The court of appeals also held that several claims were barred by appellate waivers. *Id.*

In August 2015, petitioner filed a motion under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence. [DE 236]. In the motion, petitioner alleged several claims of ineffective assistance of counsel, including: (1) that counsel was ineffective in permitting petitioner to plead guilty to aggravated identity theft without a sufficient factual basis; (2) that counsel was ineffective in failing to argue at sentencing that the loss calculation and sophisticated means enhancement were improper; (3) that counsel was ineffective in failing to challenge guideline enhancements for device-making equipment and number of victims; and (4) that counsel was ineffective in failing to challenge the restitution amount. [DE 236-1]. In response, the government filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 244]. The Court granted the government's motion to dismiss in July 2016. [DE 264, 265].

In December 2016, petitioner filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from the Court's judgment denying his previous Section 2255 petition. In his Rule 60(b) motion, petitioner alleges that he moved for leave to amend his Section 2255 petition in February 2016, raising three additional claims: (1) ineffective assistance of counsel based on defense counsel's failure to inform him of the statutory maximum for wire fraud (Count One); (2) ineffective assistance of counsel, due to an excessive supervised release sentence beyond the statutory maximum; and (3) miscalculation of his advisory guidelines range. [DE 272, p. 2]. Petitioner argues that he is entitled to relief because the Court's order dismissing

his Section 2255 petition did not address these additional issues.

In May 2017, the Court denied petitioner's Rule 60(b) motion, finding no evidence that petitioner had moved to amend his Section 2255 petition and that, in any event, his alleged claims failed on their merits. [DE 276]. The Fourth Circuit granted a certificate of appealability as to two issues: "(1) whether the district court had jurisdiction to deny Stevens' Rule 60(b) motion on the ground that it did not present a meritorious claim or defense; and (2) if so, whether the district court erred in rejecting two of Stevens' proposed claims of ineffective assistance of counsel." [DE 292, p. 2]. The Fourth Circuit concluded that this Court lacked jurisdiction to decide the merits of petitioner's alleged claims on his Rule 60(b) motion and remanded for further consideration of whether petitioner had moved to amend his Section 2255 petition.

## DISCUSSION

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(1) mistake, inadvertence, or neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) movant must demonstrate as a threshold matter "the existence of a meritorious claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). A motion under Rule 60(b) must also be timely filed and the opposing party must not be unfairly prejudiced by having the judgment set aside. *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citation omitted).

The Fourth Circuit has requested that this Court further consider whether petitioner filed a motion to amend his Section 2255 petition prior to that petition being dismissed in July 2016. The Court has undertaken a diligent inquiry into whether any record of such a motion exists and, finding none, is forced to conclude that no such motion was made and that petitioner's Rule 60(b) motion must therefore be dismissed. There is no evidence anywhere on the Court's docket that petitioner filed the motion he claims to have filed. Petitioner filed his Section 2255 petition in August 2015 and alleges that more than six months later, in February 2016, he filed a motion to amend that Section 2255 petition. No such motion was received by the Court. No record of such a motion made at any time during the pendency of petitioner's Section 2255 proceedings exists. Petitioner has not presented the Court with any evidence of such a motion. In fact, the Court received nothing at all from petitioner between December 22, 2015 and the Court's July 26, 2016 order dismissing petitioner's Section 2255. Confronted with such a barren record, followings its own unsuccessful efforts to discover evidence of petitioner's alleged motion, the Court must conclude that no such motion to amend was ever made. Petitioner's Rule 60(b) motion must, therefore, be denied.

CONCLUSION

For the above reasons, the Court finds that petitioner did not move to amend his Section 2255 petition prior to dismissal and petitioner's Rule 60(b) motion [DE 272] is DENIED.

SO ORDERED, this __ day of November, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE